IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

    Petitioner,                      No. 2:13-cv-0107 TLN CKD P

    vs.

EDMUND BROWN, JR.,

    Respondent.                  <u>ORDER</u>

/

        Petitioner, a state prisoner, proceeds pro se with a petition styled as a petition for writ of mandate. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In his petition for writ of mandate, petitioner alleges that the Governor used false evidence to reverse his September 14, 2011 grant of parole. (Dkt. No. 1 at 2.) He seeks a writ of

1

mandamus compelling respondent to redact false information from his institutional files, and compelling respondent to reinstate his September 14, 2011 grant of parole.

Although the federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" (28 U.S.C. § 1361), federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); see also Newton v. Poindexter, 578 F.Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). Accordingly, this court cannot grant the relief plaintiff seeks.

Because the court cannot grant the mandamus relief sought by plaintiff, his petition will be dismissed for failure to state claim upon which relief can be granted. The court will, however, grant petitioner leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that leave to amend shall be freely given).

In addition, as to petitioner's request for relief from the Governor's reversal of a parole grant, petitioner is informed that such a claim is cognizable, if at all, in a petition for writ of habeas corpus. The court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. The court may limit its review of the petition for relief to the information on the form only and need not consider any memoranda or attachments to the petition. See Rule 2(c), Rules Governing § 2254 Cases. Petitioner is hereby notified that in

order for this court to review his petition, he must refile on the proper form. Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (Dkt. No. 2) is GRANTED.

2. The petition styled as a petition for writ of mandamus (Dkt. No. 1) is DISMISSED for failure to state a claim upon which relief can be granted.

3. Petitioner is granted 30 days within which he may file an amended petition. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition."

4. The Clerk of the Court is directed to send petitioner the proper form for a petition for writ of habeas corpus.

Dated: April 9, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
watt0010.14a.new