IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

      Petitioner,                    No. 2:13-cv-0107 TLN CKD P

      vs.

EDMUND BROWN, JR.,

      Respondent.                FINDINGS AND RECOMMENDATIONS

                            /

          Petitioner, a state prisoner, proceeds pro se and in forma pauperis. On January 18, 2013, petitioner filed his original petition, styled as a petition for writ of mandate, in this case. Therein, petitioner alleged that the Governor used false evidence to reverse his September 14, 2011 grant of parole and sought to have his grant of parole reinstated. (Dkt. No. 1 at 2.) On April 9, 2013, the petition was dismissed and petitioner was granted 30 days to file an amended petition. Petitioner was notified that a claim seeking relief from the Governor's reversal of a parole grant is cognizable, if at all, in a petition for writ of habeas corpus rather than a petition for writ of mandamus, and notified that the court requires all petitions for writ of habeas corpus to be filed on the proper form provided by the court. (Dkt. No. 7 at 2.) Petitioner was provided with a copy of the proper form for a petition for writ of habeas corpus.

/////

1

1 　　　　The court is in receipt of a new filing by petitioner. (Dkt. No. 8.) Instead of submitting an amended petition on the proper form, however, petitioner has attempted to file a civil rights complaint for damages and injunctive relief pursuant to 42 U.S.C. § 1983 against various defendants other than the respondent named in his original petition. Petitioner cannot transform this habeas corpus proceeding into a civil rights action, thereby avoiding the $350.00 filing fee for civil actions. If petitioner wishes to initiate a civil rights action pursuant to 42 U.S.C. § 1983, he must do so in a separate case utilizing the proper procedures.

　　　　Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, although petitioner's most recent filing is not a petition for writ of habeas corpus, it is nevertheless plain that he is not entitled to federal habeas relief. Therefore, his most recent filing should be summarily dismissed and this case closed.

　　　　In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's filing at docket 8 be summarily dismissed and this case closed.

　　　　These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8stai0107.156b